UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, | ) | |
| | ) | CASE NO. 1:21-cv-1809 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BRIDGET M. BRENNAN |
| | ) | |
| MARTIN LINDSTEDT, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

Before this Court are three motions filed by Defendant Martin Lindstedt: a motion to dismiss for lack of subject-matter and personal jurisdiction (Doc. No. 7); a motion to transfer to the Western District of Missouri (Do. No. 13); and a renewed motion to transfer to the Western District of Missouri (Doc. No. 15). Plaintiff filed a consolidated opposition to all three motions. (Doc. No. 18.) Defendant filed a consolidated reply brief in support of all three motions. (Doc. No. 19.) For the reasons that follow, the Court: DENIES Defendant's motion to dismiss for lack of subject-matter and personal jurisdiction (Doc. No. 7) and DENIES Defendant's motions to transfer to the Western District of Missouri (Doc. Nos. 13 & 15).

I. **Alleged Factual and Procedural Background**

On June 26, 2019, a Lake County Court of Common Pleas jury rendered a verdict in favor of Plaintiff and against Defendant. (Doc. No. 1 at PageID 4, ¶ 12.) The jury found that Defendant's statements about Plaintiff's employment at the Perry Nuclear Power Plant were defamatory and painted Plaintiff in a false light. (*Id.* at PageID 3, ¶ 8.) Damages totaling $105,000 were awarded against Defendant. (*Id.* at PageID 3, ¶ 7.) On September 28, 2022,

1

Defendant published an MP3 recording on the internet wherein he made similar statements to those found to be defamatory by the Lake County Common Pleas jury. (*Id.* at PageID 4, ¶ 13.)

On September 23, 2021, Plaintiff initiated the above-captioned case. (*Id.*) In his complaint, Plaintiff alleges that Defendant's publication of statements already found to be defamatory gives rise to three causes of action: defamation (Count I), invasion of privacy – false light (Count II), and intentional infliction of emotional distress (Count III). (*Id.* at PageID 5-8.) Plaintiff states these claims entitle him to a judgment against Defendant in an amount in excess of $75,000. (*Id.* at PageID 9.) The complaint also asks this Court to issue a permanent injunction compelling Defendant to remove and not republish all derogatory content related to Plaintiff. (*Id.* at PageID 8, ¶ 45.)

On January 21, 2022, Defendant filed a motion to dismiss the case for lack of subject-matter and personal jurisdiction or, in the alternative, a motion for a 30-day extension to respond to the complaint and file counterclaims. (Doc. No. 7.) On January 24, 2022, the Court issued an Order setting Defendant's deadline to respond to the complaint and file counterclaims 30 days after the Court rules on Defendant's motion to dismiss. On January 24, 2022, Plaintiff filed a motion to strike Defendant's motion to dismiss or, in the alternative, a more definite statement. (Doc. No. 8.)

On April 5, 2022, the Court held a case management conference where the parties' consented to the jurisdiction of the Magistrate Judge. (Doc. No. 12.) On May 10, 2022, Defendant filed a motion to transfer the case to the Western District of Missouri (Doc. No. 13), which Plaintiff moved to strike on May 11, 2022 (Doc. No. 14). On June 3, 2022, Defendant filed a renewed motion to transfer the case to the Western District of Missouri. (Doc. No. 15.) On September 6, due to the Magistrate Judge's retirement, this case was assigned to the

undersigned.

The Court held a status conference on October 12, 2022. At the conference, the Court denied Plaintiff's motions to strike (Doc. Nos. 8 & 14) and ordered Plaintiff to respond to the three pending motions filed by Defendant (Doc. Nos. 7, 13, & 15).

## II. Discussion

### A. The Court has Subject-Matter Jurisdiction

Defendant claims that this this Court lacks subject-matter jurisdiction to hear Plaintiff's claims. Plaintiff's complaint states that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332. (Doc. No. 1 at PageID 2, ¶ 4.)

28 U.S.C. § 1332 provides federal courts with subject-matter jurisdiction over actions where there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000. There is no dispute that complete diversity exists between the parties: Plaintiff is a resident of Ohio, and Defendant is a resident of Missouri. (Doc. No. 1 at PageID 9; Doc. No. 7 at PageID 33.) Rather, Defendant claims the Court lacks subject-matter jurisdiction because Plaintiff's claims are worth less than the amount-in-controversy requirement of $75,000. (Doc. No. 7 at PageID 30.)

"It is well-settled that 'if a plaintiff brings an action in federal court and a defendant seeks dismissal on amount-in-controversy grounds, the case will not be dismissed unless it appears that the plaintiff's assertion of the amount in controversy was made in bad faith.'" *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008) (quotation omitted). The defendant bears the burden of establishing that the plaintiff alleged the amount in controversy in bad faith – a burden that he discharges by showing "to a *legal certainty* that the original claim was really for less than the amount-in-controversy requirement." *Id.* (alterations to original; emphasis added).

Defendant has not met his burden of showing that there is a "legal certainty" that Plaintiff's claim is for less than the amount-in-controversy requirement. Plaintiff notes – and Defendant does not refute – that Plaintiff was previously awarded a $105,400 judgment against Defendant for Defendant's transmission of similar statements to those at issue here. (Doc. No. 18 at PageID 146.) The Court cannot make a finding that there is a "legal certainty" that Plaintiff's similar claims in this case are worth considerably less.

Accordingly, Defendant's motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction is denied.

### B. The Court has Personal Jurisdiction Over Defendant

#### 1. Standard

Defendant moves to dismiss the case under Fed. R. Civ. 12(b)(2), stating that this Court lacks personal jurisdiction over him. In this procedural posture, the Court considers the pleadings and declarations in the light most favorable to Plaintiff as the non-moving party.[1] *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017); *Dean*, 134 F.3d at 1272 (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). Plaintiff "need only make a *prima facie* case of jurisdiction." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). This burden is "relatively slight." *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988).

To establish personal jurisdiction over a defendant, the Court must find that (A) the defendant is amenable to service of process under the State's long-arm statute, and (B) the

---

[1] The Court is aware that it may permit jurisdictional discovery or hold an evidentiary hearing to determine whether the Court has personal jurisdiction over Defendant. *Dean v. Motel 6 Operating LP*, 134 F.3d 1269, 1272 (6th Cir. 1998). However, because Defendant's motion does not challenge any of the alleged facts in Plaintiff's complaint, the Court declines to do so.

exercise of personal jurisdiction is proper under the federal Due Process Clause. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). "Even if a defendant's contact with the State of Ohio satisfies Ohio's long-arm statute, personal jurisdiction fails unless exercising jurisdiction over the defendant comports with traditional notions of fair play and substantial justice." *J.M. Smucker Co. v. Hormel Food Corp.*, 526 F. Supp. 3d 294, 300 (N.D. Ohio 2021).

"Personal jurisdiction falls into two categories: general and specific." *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 501 (6th Cir. 2020) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Defendant is not domiciled in Ohio. He is not subject to general jurisdiction in Ohio. The Court's inquiry is simply this: whether the Court has specific personal jurisdiction over Defendant.

### 2. Ohio's Long-Arm Statute

Ohio's long-arm statute provides that a non-resident who publishes defamatory content directed towards an Ohio citizen may be sued for such conduct in a court located in Ohio. *Kauffman Racing Equip., L.L.C. v. Roberts*, 930 N.E.2d 784, 791-92 (Ohio 2010). Notably, in *Kauffman*, the Ohio Supreme Court determined that Ohio's long-arm statute granted a court personal jurisdiction over a foreign defendant who allegedly made a virtual defamatory statement directed towards an Ohio resident in two separate sections: Ohio Rev. Code 2307.382(A)(3) & (A)(6). *Id.* The Court now advances to the Due Process Clause analysis.

### 3. Due Process

Specific personal jurisdiction comports with due process under the Constitution where "the defendant has sufficient minimum contacts such that traditional notions of fair play and substantial justice are not offended." *Intera Corp. v. Henderson*, 428 F.3d 605, 615-16 (6th Cir. 2005) (cleaned up). In making this determination, courts examine whether (A) the defendant

5

purposefully availed himself of the privilege of acting or causing a consequence in the forum State; (B) the cause of action arises from the defendant's activities there; and (C) the defendant's acts or the consequences of those acts have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable. *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

To determine whether Defendant has minimum contacts with Ohio, the Court applies the *Calder* effects test. *See Calder v. Jones*, 465 U.S. 783 (1984). In *Calder*, the defendants published an allegedly libelous story about the activities of a California resident whose career was centered in California. *Id.* at 784. The article was drawn from California sources and was published in a national magazine with a large circulation in California. *Id.* at 784, 789. The Supreme Court concluded that jurisdiction was "proper in California based on the 'effects' of their Florida conduct in California." *Id.* at 789. The Court specifically relied on the fact that "California [was] the focal point both of the story and of the harm suffered." *Id.* Importantly, "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Injury is only jurisdictionally relevant "insofar as it shows that the defendant has formed a contact with the forum State." *Id.* "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*

Applying *Calder*, the Sixth Circuit concluded in *Reynolds v. International Amateur Athletic Federation*, that the court did not have personal jurisdiction over the defendants. 23 F.3d 1110, 1119-1120 (6th Cir. 1994). The basis for this finding illuminates what this Court must consider in analyzing Defendant's contacts with Ohio in this instance. In *Reynolds*, the

defendants – who were based in London, England – allegedly published a defamatory press release. *Id.* at 1112. The press release stated that plaintiff, an Ohio resident and world-class athlete, was suspended from competing in certain track meets after testing positive for steroid use in Monaco. *Id.* The plaintiff brought suit in Ohio after losing Ohio corporate endorsement contracts and appearance fees in Ohio. *Id.* at 1117. The court distinguished the case from *Calder* because (A) the press release concerned Monaco activities, (B) the subject matter was based on a drug sample taken in Monaco, (C) the defendant did not publish or circulate the report in Ohio, (D) Ohio was not the focal point of the press relief, (E) plaintiff's reputation was not centered in Ohio, and (F) defendants did not know about the Ohio contracts. *Id.* at 1120.

Defendant has sufficient contacts with Ohio. Defendant's alleged defamatory statements concern an Ohio citizen, that citizen's activities in Ohio, and effects Plaintiff's reputation in Ohio. *Reynolds*, 23 F.3d at 1120. In other words, Defendant "specifically directed" the alleged defamatory internet communication at Ohio. *Blessing v. Chandrasekhar*, 988 F.3d 889, 905 (6th Cir. 2021). Thus, Defendant purposely availed himself of Ohio's laws. *Bird*, 289 F.3d at 874. Furthermore, Plaintiff's causes of action "arise" out of Defendant's contacts with Ohio because all claims directly relate to Defendant's publication of content about Plaintiff and Plaintiff's conduct in Ohio. *See id.* The first two parts of the Court's personal jurisdiction analysis are satisfied.

As a final point, the exercise of jurisdiction over Defendant is reasonable. Factors to consider in making this determination include: (A) the burden on the defendant to litigate in the State; (B) the interest of the forum State; (C) the plaintiff's interest in obtaining relief; and (D) the interest of other States in securing the most efficient resolution of the dispute. *CompuServ*, 89 F.3d at 1268. Plaintiff has an interest in obtaining relief in Ohio, and Ohio has an interest in

7

Plaintiff vindicating his rights in an Ohio court. Although Defendant has claimed it is burdensome to litigate in Ohio, the Court notes that Plaintiff's complaint and Defendant's briefs make clear that Defendant has been and is currently involved in Ohio litigation – it is unclear to the Court why litigating one more would constitute much of a burden. (Doc. No. 1 at PageID 4, ¶ 12.; Doc. No. 7 at PageID 29 (describing Plaintiff's "civil lawfare" strategy).) Defendant does not make any compelling argument regarding any other State having an interest in securing an efficient resolution of this dispute.

Accordingly, exercising specific personal jurisdiction over Defendant does not offend the Due Process Clause. Defendant's motion to dismiss for lack of jurisdiction is denied.

### C. Venue is Proper

In Defendant's motions to transfer venue, Defendant explains that venue is improper under § 28 U.S.C. § 1391. The general venue requirements are stated in § 1391(b). If not otherwise provided, a civil action may be brought only in one of the following:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is not proper under § 1391(b), a case must be dismissed or transferred as required by 28 U.S.C. § 1406(a). *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013).

The Court finds that venue is proper under § 1391(b)(2). Plaintiff's claims concern Defendant's conscious decision to publish statements about a Northern District of Ohio

8

resident's actions in the Northern District of Ohio. (Doc. No. 1 at PageID 2, 4, ¶¶ 6, 13; Doc. No. 18 at PageID 151-52.) This is more than enough for Plaintiff to establish that venue is proper under § 1391(b)(2). *See J.M. Smucker Co. v. Weston Firm, P.C.*, No. 5:13-cv-0448, 2013 WL 3713457, at *3 (N.D. Ohio July 15, 2013).

The Court is aware that it may also transfer venue pursuant to 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." But the Court declines to do so under this statute for two reasons. First, Defendant does not move to transfer venue under this statute. Second, Defendant's arguments for transfer largely relate to the Northern District of Ohio's racial and political demographics. This argument is wholly irrelevant to the factor balancing test the Court would apply in determining whether a transfer under 28 U.S.C. § 1404(a) is appropriate. *See Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (explaining six factor test courts are to apply when confronted with a 28 U.S.C. § 1404(a) transfer motion).

Accordingly, the Court denies Defendant's motions to transfer the case to the Western District of Missouri.

### III. Conclusion

For the reasons stated above, the Court's Order is as follows:

- Defendant's motion to dismiss the case for lack of subject-matter and personal jurisdiction (Doc. No. 7) is DENIED; and

- Defendant's motions to transfer to the Western District of Missouri (Doc. Nos. 13 & 15) are DENIED.

Pursuant to the Court's January 24, 2022 non-document Order, Defendant has 30 days from the issuance of this Order to respond to Plaintiff's complaint and file any viable

counterclaims.

**IT IS SO ORDERED.**

**Date**: December 20, 2022

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE