# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** | Case No: 1:21-cv-1809 |
| | Hon. Patricia A. Gaughan |
| Plaintiff, | |
| v. | |
| **MARTIN LINDSTEDT** | |
| Defendant. | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (216) 505-0811
(E): reo@reolaw.org
*Pro se Plaintiff and Attorney*

---

### MOTION TO STRIKE DEFENDANT'S ANSWER AND COUNTER-CLAIM OR FOR A MORE DEFINITE STATEMENT

---

BRYAN ANTHONY REO (Plaintiff), *pro se*, hereby moves this Honorable Court to enter an order striking ECF No. 24 on the basis that the document is impertinent, scandalous, and absolutely incoherent and incomprehensible, as well as constituting unauthorized practice of law. In the alternative Plaintiff respectfully moves this Honorable Court to enter an order directing Defendant to provide a More Definite Statement so that Plaintiff can meaningfully respond to whatever it is that Defendant is attempting to plead against Plaintiff.

Defendant Lindstedt has clearly added a corporate entity, Church of Jesus Christ Christian Aryan Nations of Missouri, into the case and blatantly purports to provide legal representation to this entity, an act which constitutes unauthorized practice of law by Lindstedt on behalf of the corporate entity, thus the document must be stricken on that basis alone.

Defendant Lindstedt has already strangely captioned his pleading such that Plaintiff Bryan Anthony Reo is now listed as "Bryan Anthony Reo, et. al., counter-defendant(s)" while Mr. Lindstedt, a non-attorney, has, without leave, joined a corporate entity, Church of Jesus Christ Christian Aryan Nations of Missouri, as a defendant in the action, while he then goes on to purport to represent said entity in what is clearly unauthorized practice of law particularly in light of his signature block where he signs the name of the corporate entity and then writes he is representing the very same entity.

Defendant Lindstedt is no stranger to the matter of unauthorized practice of law on behalf of his church entity.

See *Reo v. Lindstedt*, 1:19-cv-02103-SO (N.D. Ohio 2019)

> Ohio law forbids a non-lawyer like Defendant from representing a corporate entity. *See Disciplinary Counsel v. Givens*, 832 N.E.2d 1200, 1202 (Ohio 2005). Accordingly, the court strikes all suggestions that Defendant represents any person or entity other than himself.

(1:19-cv-02103-SO  ECF No. 19, PageId# 196)

Defendant knows better and is clearly attempting to bog these proceedings down with this outrageous conduct. Joining third parties that bear no relationship to this controversy is also yet one more aspect of Defendant's attempt to bog these proceedings down.

See again *Reo v. Lindstedt*, 1:19-cv-02103-SO (N.D. Ohio 2019)

> Finally, the court grants Plaintiff's Third Motion to Strike (ECF No. 16). Defendant's Amended Answer and Counterclaims (ECF No. 15) consist of rambling, largely irrelevant arguments, which are rife with personal insults and racial slurs. Defendant seeks to join a number of parties: (1) Plaintiff's wife and father, Stefani Rossi Reo and Anthony Domenic Reo; (2) three individuals, Kyle Bristow, Brett Klimkowsky, and William Finck, who Defendant describes as Plaintiff's "provacateur" co-conspirators; (3) the Court of Common Pleas of Lake County and Lake County Judge Patrick Condon; (4) the State of Ohio; and (5) the United States Government. Defendant also maintains that his Church of Jesus Christ Christian/Aryan Nations of Missouri is a party to this action. But each of these parties, and the claims Defendant purports to bring against them, are irrelevant to Plaintiff's tort action. More importantly, the arguments throughout the Amended Complaint and Counterclaims are offensive and plainly lack merit.
>
> (1:19-cv-02103-SO ECF No. 19, PageId# 196)

Defendant's pleading is captioned as an "Answer And Counterclaim" but he does not designate any paragraphs as an actual counter-claim, he does not plead one single tort claim or cause of action against Plaintiff, rather he gets to the conclusion of his document and asks for monetary relief and damages to be assessed against Plaintiff in a sum certain, but he provides no legal articulation of a cognizable claim under the laws of Ohio, the United States, or any state of the United States, by which he would be entitled to the money he claims in his prayer for relief.

Defendant strangely seeks to use a counter-claim, not to pursue claims against the Plaintiff party opponent, but to engage in a purported attempt at third-party complaint practice against many numerous and disparate individuals and governmental actors, without engaging in the proper procedure to engage in third-party complaint practice.

Defendant's pleading is rife with so many abusive and offensive remarks that the document speaks for itself and the offensive scandalous material should scarcely be repeated here, except to

3

note that Lindstedt makes ample use of terms such as "homosexual," "mongrel," "homosexual mongrel," and other slurs that invoke his racist and bigoted disregard for civility or the orders previously entered by this Court regarding refraining from utilization of offensive or abusive language.

Lindstedt's rambling rant is incoherent, vague, confusing, it is not remotely clear what, if any, counter-claims Lindstedt actually purports to pursue against Plaintiff, or against "counter-defendants" who he attempts to join into this action via a counter-claim, and the pleading filed by Defendant Lindstedt further attempts to join a corporate entity as a co-defendant alongside Lindstedt when Lindstedt is not licensed to practice law or authorized to appear on behalf of another, and Plaintiff has pled no claims against that entity.

Plaintiff therefore prays that this Court will strike, in its entirety, Defendant's pleading, ECF No. 24, captioned "Pastor Lindstedt's & Lindstedt's Aryan Nation Church Answer & Counter Claims Against Bryan Reo & Reo Counter-Defendants" or in the alternative order that Defendant provide a More Definite Statement within 14 days of the date of an entry of an order so providing, or in a time otherwise provided by the order of this Court. Plaintiff also prays that Defendant be ordered to cease from attempting to engage in the practice of law on behalf of a corporate entity.

 Respectfully submitted,

 /s/ BRYAN ANTHONY REO
 Bryan Anthony Reo
 P.O. Box 5100
 Mentor, OH 44061
 (P): (440) 313-5893
 (E): Reo@ReoLaw.org
 *Pro se Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** | Case No: 1:21-cv-1809 |
| | Hon. Patricia A. Gaughan |
| Plaintiff, | |
| v. | |
| **MARTIN LINDSTEDT** | |
| Defendant. | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Pro se Plaintiff and Attorney*

## CERTIFICATE OF SERVICE

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on January 31, 2023, I served a true and accurate copy the foregoing document upon Martin Lindstedt, 338 Rabbit Track Road, Granby, MO 64844, by placing the same in a First Class postage-prepaid, properly addressed, and sealed envelope and in the United States Mail located in City of Mentor, Lake County, State of Ohio.

    Respectfully submitted,

    /s/ BRYAN ANTHONY REO
    Bryan Anthony Reo
    P.O. Box 5100
    Mentor, OH 44061
    (P):  (440) 313-5893
    (E):  Reo@ReoLaw.org
    *Pro se Plaintiff*