UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRYAN ANTHONY REO,                    )
                                      )       CASE NO.  1:21-cv-1809
            Plaintiff,                )
                                      )
      v.                              )       JUDGE BRIDGET MEEHAN BRENNAN
                                      )
MARTIN LINDSTEDT,                     )
                                      )       **ORDER**
            Defendant.                )
                                      )

Before this Court is Defendant's motion to alter/amend the Court's December 20, 2022,

Order, which denied his motion to dismiss and motion to transfer.  (Doc. No. 21.)

Fed. R. Civ. P. 59 and 60 delineate the circumstances under which a court will reconsider

one of its orders.  Justifying reconsideration requires a moving party to: (1) demonstrate an

intervening change in the controlling law; (2) establish that new evidence is available; or (3)

prove that a clear error occurred or that reconsideration is necessary to prevent manifest

injustice.  *Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th

Cir. 2009).  Reconsideration constitutes an "extraordinary remedy reserved for exceptional

cases."  *Hines v. Comm'r of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations

and quotations omitted).  It is not an opportunity to reargue matters or "to raise arguments which

could, and should, have been made before judgment issued."  *Sault Ste. Marie Tribe of*

*Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Fed. Deposit Ins. Corp.*

*v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).  A district court retains discretion to

entertain such a motion.  *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949,

1

959 n.7 (6th Cir. 2004).

The Court has reviewed Defendant's arguments and finds that he did not carry his burden of demonstrating why altering or amending its order is necessary.  He did not point to a change in controlling authority, provide the Court with any new evidence that alters its reasoning, show that a clear error occurred, or articulate that reconsideration is necessary to prevent manifest injustice.  Accordingly, the motion is DENIED.


**IT IS SO ORDERED.**


**Date**: July 20, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

2